Mary E. Bacon, CA Bar No. 283369
SPENCER FANE LLP
300 South Fourth Street, Suite 950
Las Vegas, NV 89101
Phone: (702) 408-3400
Facsimile: (702) 408-3401
mbacon@spencerfane.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| STRUCTSURE PROJECTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-4381 |
| | ) |
| BOXX MODULAR, INC., | ) |
| Serve Registered Agent: | ) |
| C T Corporation System | ) |
| 330 N. Brand Blvd, Suite 700 | ) |
| Glendale, CA 91203 | ) |
| | ) |
| and | ) |
| | ) |
| ATLANTIC SPECIALTY INSURANCE | ) |
| COMPANY, | ) |
| Serve Registered Agent: | ) |
| CSC – Lawyers Incorporating Service | ) |
| 2710 Gateway Oaks Dr. Suite 150N | ) |
| Sacramento, California 95833 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff StructSure Projects, Inc. ("SSP") states the following for its causes of action against Defendants Boxx Modular, Inc. ("Boxx") and Atlantic Specialty Insurance Company ("ASIC"):

## PARTIES, VENUE AND JURISDICTION

1. Plaintiff SSP is a Kansas corporation with its principal place of business in Missouri. SSP is in good standing with the State of California.

2. Defendant Boxx is a Delaware corporation with its principal place of business in Texas. Boxx is in good standing with the State of California, and may be served through its registered agent C T Corporation System at 330 N. Brand Blvd, Suite 700, Glendale, California 91203.

3. Defendant ASIC is a New York insurance company with its principal place of business in Minnesota. ASIC may be served through its registered agent CSC – Lawyers Incorporating Service at 2710 Gateway Oaks Dr. Suite 150N, Sacramento, California 95833.

4. The State of California has personal jurisdiction over the parties because the acts and omissions alleged in this Complaint arose out of a construction project located in this State and the parties' contract provides that all disputes will be decided in the State in which the construction project is located.

5. Venue is proper in this Court because a substantial part of the events or omissions giving rising to the claims asserted in this lawsuit arose in this judicial district.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the citizenship of the parties is completely diverse and the amount being sought by SSP is in excess of $75,000.

## GENERAL ALLEGATIONS

7. SSP was a general contractor on the Edwards AFB – Clinic Modernization project (the "Project").

8. SSP subcontracted a portion of its scope of work on the Project to Boxx. A true and accurate copy of SSP's contract with Boxx is attached as Exhibit 1 to this Petition.

9. As a condition of the SSP and Boxx entering into Exhibit 1, Boxx was required to procure a Performance Bond to guarantee Boxx's performance under its contract with SSP (the "Bond"). A true and accurate copy of the Bond is attached as Exhibit 2 to this Petition.

10. The Bond was issued and executed by ASIC.

11. Among other provisions, the Bond incorporated the terms of the parties contract and made a default by Boxx under the subcontract a default by ASIC under the Bond.

12. ASIC also guaranteed Boxx's performance of the subcontract, and made ASIC jointly and severally liable with Boxx to SSP for any defaults or damages suffered by SSP.

13. Boxx's work on the Project (and pursuant to Exhibit 1) was to be performed in accordance with the schedule provided by SSP (and incorporated into Exhibit 1) and done pursuant to the contract requirements and specifications.

14. However, Boxx did not perform its work pursuant to the contract documents or the schedule and delayed the Project.

15. Over a period of several months in the late 2021 and early 2022, SSP sent numerous letters and notices to Boxx and ASIC regarding these delays and demanding that Boxx correct its work and meet the deadlines in the schedule for Boxx's work.

16. SSP also had numerous phone calls and meetings with Boxx and ASIC personnel to discuss these delays and other quality of work issues.

17. Despite this, Boxx never got its work on the Project back on track, and, after SSP placed it in default, Boxx walked off the Project in January 2022 and SSP completed the remaining scope of Boxx's work on the Project.

18. To complete Boxx's scope of work, SSP had to provide joint checks to many contractors used by Boxx because many would not return to the job site due to Boxx not paying them.

19. After accounting for all changes to Boxx's subcontract with SSP, all payments SSP made to Boxx, all damages that SSP has incurred due to Boxx's delays and costs incurred in completing Boxx's work, SSP has overpaid Boxx on the Project in an amount greater than $450,000

20. Because the Project is on-going, SSP's damages may increase as the work is completed especially if Boxx's warranty obligations are not satisfied.

21. SSP made a claim on the Bond and has kept ASIC apprised of all of its issues with Boxx's work and the damages SSP has incurred.

22. ASIC has denied SSP's claim on the Bond.

23. SSP has satisfied all conditions precedent under the parties' contract, the Bond, and Kansas law[1] prior to bringing this action

## COUNT I - BREACH OF CONTRACT
### (Against Boxx)

24. SSP incorporates the allegations in the preceding paragraphs as if fully set forth in this paragraph.

25. The parties entered into a contract supported by good, valuable, and sufficient consideration that was thoroughly negotiated and reviewed by the parties for over four months.

26. Pursuant to the terms of the parties contract, SSP and Boxx had a contract for Boxx to perform a certain scope of work on the Project pursuant to schedule provided by SSP.

---

[1] Section 32.1 of Exhibit 1 provides that the terms of this subcontract shall be governed by Kansas law.

27. However, Boxx failed to perform its work within the agreed-upon schedule provided by SSP which delayed the Project and caused SSP to incur additional general conditions.

28. SSP also incurred damages in completing Boxx's scope of work after Boxx walked off the Project.

29. SSP has satisfied all conditions precedent prior to bringing this action.

30. As a result of Boxx's breach of its contract with SSP, SSP has been damaged in an amount in excess of $450,000.

31. SSP's and Boxx's contract provides that SSP is entitled to recover its attorney's fees incurred in prosecuting its claims against Boxx.

WHEREFORE, SSP respectfully requests that this Court enter judgment in its favor and against Boxx on Count I of the Complaint in an amount in excess of $450,000; plus pre- and post-judgment interest against the maximum rate allowed under applicable law; SSP's attorney's fees and costs incurred in bringing this action; and any other and further relief which the Court deems just and proper.

### COUNT II – ACTION ON PERFORMANCE BOND
### (Against ASIC)

32. SSP incorporates the allegations in the preceding paragraphs as if fully set forth in this paragraph.

33. ASIC issued the Bond on the Project which incorporated the terms of the parties contract and secured Boxx's performance on the Project making ASIC joint and severally liable for any of Boxx's defaults in performance.

34. SSP has made a claim on the Bond and kept ASIC apprised all of its issues with Boxx on the Project.

35. Ultimately, due to Boxx's defaults and failure to cure these defaults, SSP terminated Boxx.

36. SSP completed Boxx's work.

37. After accounting for all changes to Boxx's subcontract with SSP, all payments SSP made to Boxx, all damages that SSP has incurred due to Boxx's delays and in completing Boxx's work, SSP has overpaid Boxx on the Project in an amount in excess of $450,000.

38. Because the Project is on-going, SSP's damages may increase as the work is completed especially if Boxx's warranty obligations are not satisfied.

39. Pursuant to the terms of the Bond, ASIC is jointly and severally liable to SSP for any breaches and defaults by Boxx under the contract.

40. Despite making several demands for compensation from ASIC due to Boxx's breaches and defaults, ASIC has denied SSP's claims on the Bond.

41. ASIC has breached its obligations under the Bond by not compensating SSP for Boxx's breaches and defaults.

42. SSP has satisfied all conditions precedent prior to bringing this action.

43. As a result of Boxx's breach of its contract with SSP, SSP has been damaged in the amount of $399,994.

44. SSP's and Boxx's contract provides that SSP is entitled to recover its attorney's fees incurred in prosecuting its claims against Boxx.

WHEREFORE, SSP respectfully requests that this Court enter judgment in its favor and against ASIC on Count II of the Complaint in an amount in excess of $450,000; plus pre- and post-judgment interest against the maximum rate allowed under applicable law; SSP's attorney's fees

and costs incurred in bringing this action; and any other and further relief which the Court deems just and proper.

## JURY DEMAND

SSP demands a trial by jury on all issues so triable in this Complaint.

                              Respectfully submitted,

                              SPENCER FANE LLP

                              By:/s/ Mary Bacon
                                  Mary Bacon, CA Bar No: 283369
                                  300 South Fourth Street, Suite 950
                                  Las Vegas, NV89101
                                  Kansas City, MO 64106
                                  (702) 408-3400
                                  (702) 938-8648 (facsimile)
                                  mbacon@spencerfane.com
                                  *Attorney for Plaintiff*